Argued and submitted February 23, reversed and remanded for further proceedings June 24, reconsideration denied October 9, petition for review denied December 2, 1987 (304 Or 437)

# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES DALE SIMONS,
*Appellant.*

(86-803, 83-806; CA A40942)

738 P2d 590

Lawrence J. Hall, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor

General, and Terry Ann Leggert, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was charged with possession of a controlled substance. He entered a plea of not guilty, after which he moved to suppress all evidence obtained as a result of a warrantless search of a tobacco can and of the automobile from which it was seized and in which he was a passenger. His motion was denied[1] and, in a jury trial, he was convicted. On appeal, he assigns error to the denial of his motion.

The trial court denied the motion to suppress without an evidentiary hearing. So far as the record shows, the facts that the trial court had before it came from the affidavit of defendant's attorney and from general discussions with counsel, some of which were off the record. Because the basic facts are not in dispute, we relate them as the parties discuss them.

On April 22, 1986, a deputy sheriff pulled over a Jeep Wagoneer because it had a faulty headlight and because the deputies had reason to believe that defendant was in the vehicle. They had an outstanding warrant for defendant's arrest for assault and reckless endangering. After identifying defendant, one deputy ordered him out of the vehicle, spoke with him briefly and returned to his patrol car to radio for a records check on him. Defendant got back into the Jeep, and the deputy noticed defendant fidgeting and appearing to take something out of his pocket.

The deputy again ordered defendant out of the Jeep; he noticed on the front seat a chewing tobacco can which he had not seen previously. He placed defendant under arrest pursuant to the outstanding warrant and placed him in the patrol car. The deputy returned to the Jeep, picked up the tobacco can and shook it. Concluding that the contents did not sound like tobacco, he opened the can and found three plastic packets of white powder, which the officer believed to be methamphetamine. Later, tests of the contents bore out the officer's belief.

All that we know in addition is that defendant's attorney, at the suppression hearing, stated that defendant, consistent with his plea of not guilty, claimed no interest in the car or the tobacco can. For that reason, the court held that

---

[1] The driver of the car also was charged; his motion to suppress was granted.

defendant had no "standing" to challenge the seizure of the tobacco can, relying on *United States v. Salvucci,* 448 US 83, 100 S Ct 2547, 65 L Ed 2d 619 (1980). Defendant's motion, however, relied solely on Article I, section 9, of the Oregon Constitution, and no case since *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), has decided whether a defendant charged with a possessory offense must make a showing that his rights under that section were violated in order to challenge the admissibility of evidence that he claims was unlawfully seized. *Caraher* requires that we analyze a case under Article I, section 9, independently of the Fourth Amendment.

Ordinarily, a defendant's rights must be violated by the state's acquisition of evidence in order for him to prevail on a motion to suppress, although he always has "standing" to object to the admissibility of evidence against him. *State v. McMurphy,* 291 Or 782, 785, 635 P2d 372 (1981). Accordingly, in cases where possession is not a material element of the offense charged, the record at the suppression hearing must show that the defendant's rights were violated. If defendant had a possessory interest in the tobacco can, as the state claims, it was his "effect," specifically protected by Article I, section 9, against unreasonable searches or seizures.

However, when, as here, the fact of possession is a material element of the offense, possession is denied by a not guilty plea. In a criminal case, the primary[2] method provided a defendant to exclude physical evidence claimed to have been seized unlawfully is a pretrial motion to suppress. ORS 135.037; ORS 133.673. At the suppression hearing, the burden is on the state to establish the validity of a warrantless search or seizure. *State v. Davis,* 295 Or 227, 666 P2d 802 (1983); ORS 133.693(4).[3] The defendant is presumed to be innocent and, when charged with a possessory offense, is presumed not to

---

[2] It may be that a pretrial motion to suppress is the only procedure available to a defendant. In *State v. Caruso,* 289 Or 315, 613 P2d 752 (1980), the court said that a purpose of ORS 135.037 is to preserve the state's right of appeal under ORS 138.060. It quoted from the legislative history indicating that such questions must be settled prior to trial to permit the state to appeal. 289 Or at 321 n 5. If the evidence was seized pursuant to a warrant, objections must be raised by a pretrial motion. ORS 133.673.

[3] ORS 133.693(4) provides:

"Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

have had the requisite possessory interest. It would be incongruous, indeed, to permit the state, and to require the defendant, to establish, as a preliminary matter, the opposite of their contentions relating to the pending charge.[4] If the defendant maintains his innocence, the state contends that he lacks "standing" to object to the evidence. If the defendant were to contend, during the suppression hearing, that he had a possessory interest in the item seized or searched, his admission could be used to impeach him at the trial. ORS 135.037(4).[5]

Furthermore, if, during the course of the ensuing trial, the state adduces sufficient evidence to establish that the defendant had possession of the contraband, presumably the defendant would then acquire "standing" to object. *See* note 2, *supra.* However, that procedure would require an interruption of the trial for a hearing to determine whether the defendant's rights were violated in the state's acquisition of the evidence and, if the defendant prevailed, the state could not appeal from that adverse ruling. ORS 138.060(3).

■ Accordingly, we hold that, under Article I, section 9, defendant has the right to challenge the validity of the seizure and the later search of the tobacco can which he is charged with having possessed,[6] and remand to the trial court for an

---

[4] As Justice Frankfurter put it:

"Petitioner's conviction flows from his possession of the narcotics at the time of the search. Yet the fruits of that search, upon which the conviction depends, were admitted into evidence on the ground that petitioner did not have possession of the narcotics at that time. The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government." *Jones v. United States,* 362 US 257, 263, 80 S Ct 725, 4 L Ed 2d 697 (1960).

[5] ORS 135.037(4) provides:

"At the conclusion of the hearing and prior to trial the court shall prepare and file an order setting forth all rulings of the court on issues raised under subsection (2) of this section. The court shall further prepare and file a memorandum of other matters agreed upon at the hearing. Except in a prosecution of the defendant for perjury or false swearing, or impeachment of the defendant, no admissions made by the defendant or the attorney of the defendant at the hearing shall be used against the defendant unless the admissions are reduced to writing and signed by the defendant and the attorney."

[6] *Jones v. United States, supra,* held that a defendant charged with a possessory offense had "standing" under the Fourth Amendment to challenge the lawfulness of

evidentiary hearing on defendant's motion and for reconsideration in the light of *State v. Owens,* 302 Or 196, 729 P2d 524 (1986).

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

the seizure of evidence to be used against him without showing that he possessed the contraband. Twenty years later, *Jones* was overruled in *United States v. Salvucci, supra.*