Argued and submitted November 19, affirmed December 26, 1990, reconsideration denied May 1, petition for review denied June 20, 1991 (311 Or 433)

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM SCOTTY MACDONALD,
*Appellant.*

## (8806-34040; CA A62867)

803 P2d 1211

Helen L. Cooper, Salem, argued the cause for appellant. With her on the brief was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He assigns error to the denial of his motion to suppress. The denial was based on the trial court's conclusion that his rights under Article I, section 9, of the Oregon Constitution were not violated. We affirm.

While two police officers were on highway patrol duty in separate vehicles, they saw defendant driving a car at an excessive speed. As they pursued the car, one of them saw a small white item drop out of the driver's window onto the pavement. He requested that the other officer stop and pick it up. It was a paper bindle containing cocaine. After defendant was stopped, he denied any possessory interest in it.

Before trial, defendant moved to suppress the bindle. The state argued that the motion should be denied, because he had not asserted any possessory interest in it. Defendant maintained that, because he was charged with a possessory offense, he need not assert any interest in it. The trial court said:

> "If this Defendant has failed to assert any interest in the seized bindle, then the Defendant has no standing to move to suppress. The motion is thereby denied unless he does assert an interest in the seized bindle."

Defendant declined to assert any interest in the bindle, after which the court denied the motion to suppress.

Defendant argues that, under *State v. Simons,* 86 Or App 34, 738 P2d 590, *rev den* 304 Or 437 (1987), he was not required to assert a possessory interest in the bindle when he challenged its seizure, because that would be tantamount to requiring him to admit his guilt. The state asserts that *State v. Simons, supra,* is no longer controlling, in the light of *State v. Kosta,* 304 Or 549, 748 P2d 72 (1987). We agree with the state.

In *Kosta,* the police had intercepted a package on a Federal Express delivery truck. The defendant had not caused the package to be transported, nor was he the addressee, intended recipient or an individual with an identifiable interest in the package at the time of its seizure. The package was subjected to a sniff by a trained police dog. Police officers opened it and identified the contents as cocaine, after which it was resealed and delivered to the addressee. The defendant

picked up the package, after which he was charged with and convicted of possession of a controlled substance. The court held that the defendant's Article I, section 9, rights were not violated by the police conduct of stopping the delivery truck and exposing the package to the police dog, because he had failed to articulate any protected interest in the package at the time of the intrusion. 304 Or at 554.

Defendant adopts the reasoning of *State v. Simons, supra,* and argues that it is incongruous to require him to establish, as a preliminary matter, that he had a possessory interest in the bindle, when the opposite contention is the issue to be tried. Further, if during the ensuing trial, the state adduces sufficient evidence to establish that defendant had possession of the bindle, then, under *Simons,* he would acquire "standing" to object, and the trial would have to be interrupted for a hearing to determine whether his rights were violated by the acquisition of the evidence. *See State v. Simons, supra,* 86 Or App at 38.

■■■ That reasoning ignores the purpose of the exclusionary rule of section 9, which is to recognize the personal right of every individual to be free from unreasonable searches and seizures. *See, e.g., State v. Tanner,* 304 Or 312, 315, 745 P2d 757 (1987); *State v. Davis,* 295 Or 227, 231, 666 P2d 802 (1983). When a defendant challenges the lawfulness of a search or seizure, the issue is not whether he has "standing" to make a legal challenge; rather, it is whether there has been a significant interference with his possessory or ownership interests in the property. *See State v. Tanner, supra,* 304 Or at 315.[1] Although it is incongruous to require a defendant to take a position at a pretrial hearing contrary to his position at trial, the result is compelled by section 9, which applies regardless of the nature of the offense. Therefore, we hold that, notwithstanding the possessory aspect of the offense, "[i]t is the

---

[1] The Oregon Supreme Court said:

"A criminal defendant always has standing to challenge the admission of evidence introduced by the state * * *. The question whether a defendant's personal rights were violated by an unlawful search or seizure is often mislabeled a question of 'standing,' but the question goes to the merits of a motion to suppress. The term 'standing' should be used only in the narrow sense of capacity to make a legal challenge." 304 Or at 316.

In keeping with that language, we do not frame the issue in this case as one of "standing"; rather, we ask whether defendant's personal section 9 rights were violated.

defendant's burden to establish a protected right in the particular item of property before he can challenge the alleged violation." *State v. Nelson,* 76 Or App 67, 71, 708 P2d 1153 (1985). Defendant failed to meet that burden when he declined to claim any protected interest in the bindle. Accordingly, the trial court did not err by denying his motion to suppress.

Affirmed.