Argued and submitted April 30, affirmed November 18, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# LINDA ANN BOGART,
*Appellant.*

(90CR-2151FE; CA A69716)

841 P2d 672

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor

General, and Carol J. Fredrick, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992(4). She assigns error to the denial of her motion to suppress and to the admission of evidence of a crime lab report. We affirm.

Officer Rachor stopped a car that was weaving over the center line. Defendant was one of two passengers in the car. While talking to the driver, Rachor smelled alcohol and noticed a partially concealed open beer can on the floorboard near the front passenger. He suspected that the driver was intoxicated and asked for and received permission to search the car. He asked the driver and the two passengers to step out of it so he could search. During the search, he seized two open containers of beer and a .22 caliber handgun. As he was returning to the patrol car to store the items, he noticed a brown paper sack partially under and behind the front tire of the patrol car near where defendant was standing. When asked, defendant said that the bag was not hers. Rachor opened the bag and found a small bag of marijuana and some napkins with fresh blood on them. He suspected recent intravenous drug use and asked defendant if he could search her purse. She consented. He seized three bindles containing a white powder and some drug paraphernalia from the purse and arrested defendant. Defendant moved to suppress the evidence, and the trial court denied her motion.

■ At trial, a report of the State Police Crime Lab identifying the white substance found in the purse as methamphetamine was introduced by the state under ORS 475.235(3),[1] which provides that a certified copy of a crime lab report signed by the lab director is *prima facie* evidence of the results of tests.

Defendant assigns error to the admission of the laboratory report. She first argues that it was inadmissible hearsay. However, as noted above, the statute specifically

---

[1] ORS 475.235(3) provides:

"In all prosecutions under ORS 475.005 to 475.375 and 475.805 to 475.999 involving the analysis of a controlled substance or sample thereof, a certified copy of the analytical report signed by the director of the state police crime detection laboratory or the criminalist conducting the analysis shall be accepted as prima facie evidence of the results of the analytical findings."

authorizes its admission. Defendant's argument that the statute violates her right to confrontation under Article I, section 11, of the Oregon Constitution and the Sixth Amendment was rejected in *State v. Hancock*, 111 Or App 92, 825 P2d 648, *rev allowed* 313 Or 354 (1992).

■ Defendant next argues that the trial court should have granted her motion to suppress evidence found in the paper bag and in her purse. She argues that, even if the stop of the car was lawful, her detention was an unlawful extension of the traffic stop.[2] Defendant challenges Rachor's authority to detain the passengers while investigating the driver. We have held that police have the authority to detain a passenger of a lawfully stopped automobile for a reasonable amount of time while investigating the situation that led to the stop. *State v. Bowen*, 88 Or App 584, 588 n 4, 746 P2d 249 (1987), *rev den* 305 Or 45 (1988). The cases relied on by defendant to support her argument are distinguishable because, in those cases, the police had completed their investigation of the purpose of the stop *before* they made further inquiries or took further action. *See, e.g., State v. Scarborough*, 103 Or App 231, 796 P2d 394 (1990); *State v. Auer*, 90 Or App 459, 752 P2d 1250 (1988); *State v. Castrejon*, 79 Or App 514, 719 P2d 916 (1986).

Rachor had authority to stop the driver for a traffic infraction and, then, because of his observations after stopping the driver, to investigate the driver for driving while intoxicated. At the time that he saw the bag on the ground near defendant, he had not completed his investigation relating to the stop. He was walking back to his patrol car to place the seized items inside the car. We conclude that the detention, if there was any, of defendant was not unlawful.

■ Defendant also argues that, although Rachor had reason to believe that the bag was hers, he could not search it, because he did not have probable cause to believe that she had committed a crime or that it contained evidence of a crime, and he did not ask for her consent. However, as the trial court found, defendant disclaimed any connection with the bag before Rachor opened it:

---

[2] Defendant does not argue that the driver's consent to search the car was invalid or that Rachor could not look for open containers in the car.

"When the officer returned to his patrol car he saw the paper sack under his patrol car. He bent over to retrieve the sack and asked the Defendant if it was hers, and she said 'no.' Since it appeared as though the sack was put there after the occupants got out of the stopped vehicle, and since it was obvious the Defendant was the one in the best position to have placed or tossed it under the patrol car, it was reasonable to conclude the sack might contain contraband. However, because Defendant disclaimed any responsibility for the sack there was no legal impediment to the officer looking into the sack to see what it contained."

Because defendant disclaimed any connection with the container, it was not necessary to obtain her consent to open it. *State v. MacDonald*, 105 Or App 102, 105, 803 P2d 1211 (1990), *rev den* 311 Or 433 (1991).

Finally, defendant argues that the state failed to meet its burden to prove that her consent to the search of her purse was voluntary, particularly because the request for consent followed illegal conduct. However, the request for consent did not follow illegal conduct. Defendant does not otherwise challenge the voluntariness of her consent and, therefore, the trial court did not err in concluding that the search of defendant's purse was lawful.

Affirmed.