Argued and submitted October 27, 1993, affirmed April 20, petition for review denied August 30, 1994 (320 Or 110)

# STATE OF OREGON,
*Respondent,*

*v.*

# SUSAN LUISE LAWSON,
*Appellant.*

(C91-0443-CR, C91-0444-CR, C91-0445-CR;
CA A74682 (Control), A74683, A74684)
(Cases Consolidated)

872 P2d 986

David K. Allen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

## RIGGS, J.

Defendant appeals her convictions for assault in the fourth degree, assault in the second degree and criminal mistreatment in the first degree. ORS 163.160; ORS 163.175; ORS 163.205. She assigns error to the trial court's exclusion of evidence from two psychologists. We affirm.

Defendant is a daycare provider who worked in her home. After three infants in her care were seriously injured within a five-month period, she was charged with assault and criminal mistreatment. At trial, defendant offered the oral testimony of one psychologist and two reports prepared by another psychologist as "[e]vidence of a pertinent trait of character offered by an accused." OEC 404(2)(a).[1] The state objected on the grounds that the evidence was an impermissible comment on witness credibility, that it was not properly the subject of expert testimony and that it was scientific evidence and, as such, required a foundation as set out in *State v. Brown*, 297 Or 404, 687 P2d 751 (1984).[2] The trial court excluded the evidence, concluding that it was a prohibited comment on the credibility of a witness and that "professional character evidence" is different in kind from the character evidence contemplated by OEC 404.

■    In defendant's offer of proof, the psychologist testified that defendant had a low propensity for violence and that she controlled her temper, traits normally susceptible to

---

[1] OEC 404(2) provides, in part:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"(a) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."

[2] In *Brown*, the court laid out seven factors for a court to consider in determining whether to admit scientific evidence. Those factors are:

"(1) The technique's general acceptance in the field;

"(2) The expert's qualifications and stature;

"(3) The use which has been made of the technique;

"(4) The potential rate of error;

"(5) The existence of specialized literature;

"(6) The novelty of the invention; and

"(7) The extent to which the technique relies on the subjective interpretation of the expert." 297 Or at 417.

proof by character evidence under OEC 404(2)(a). However, the psychologist also testified that "I don't see the traits that we see in many child abusers." The other psychologist's report indicated that defendant had completed the "Child Abuse Potential Inventory" and that the inventory did not "identify [defendant] as having characteristics similar to known, active, physical child abusers." The substance of the evidence was expert testimony as to whether the defendant possessed certain traits that are part of a "child abuser profile."

In *State v. Milbradt*, 305 Or 621, 756 P2d 620 (1988), the Supreme Court held that evidence of "how normal children usually react to sexual abuse," or "sex abuse syndrome," required a *Brown* foundation before it was admissible:

> "We suggest that in future cases involving 'syndrome' testimony full foundations be established, if indeed it can be shown that the so-called 'typical' reactions can be demonstrated to be either typical or reliable." 305 Or at 631.

Whether it is labeled a "syndrome" or a "profile," the type of evidence proferred by defendant in this case involves comparing an individual's behavior with the behavior of others in similar circumstances who have been studied in the past. This comparison evidence purports to draw its convincing force from scientific principles. It requires an expert witness who can explain the data and test results, and, if necessary, the scientific principles that are said to give the evidence its reliability or accuracy. As such, it is scientific evidence. *See State v. Brown, supra*, 297 Or at 407. Therefore, for the evidence to be admissible, defendant must demonstrate the evidence's probative value under the test announced in *Brown*. *State v. Milbradt, supra*, 305 Or at 631.

■ ■  Defendant relied on OEC 404 and chose not to address any of the *Brown* factors. She thereby failed to establish the probative value of child abuser profiles. When it appears from the record that the trial court arrived at a correct result, but on grounds different from those which, in our opinion, are more correct, the judgment of the trial court will be affirmed. *Carlson v. Piper Aircraft Corp.*, 57 Or App 695, 705 n 12, 646 P2d 43, *rev den* 293 Or 801 (1982).

Regardless of its admissibility under OEC 404, profile evidence is scientific evidence and, therefore, a foundation must be laid as set forth in *State v. Brown, supra*.

Affirmed.