Submitted on remand from the Oregon Supreme Court December 9, 1994, affirmed March 8, petition for review denied May 16, 1995 (321 Or 138)

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMIE DALE LUMPKIN,
*Appellant.*

## (91CR0280ST; CA A72934)

891 P2d 660

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

Haselton, J., dissenting.

## DEITS, P. J.

This case is before us on remand from the Supreme Court to reconsider our previous decision, *State v. Lumpkin*, 129 Or App 601, 880 P2d 468 (1994), in the light of *State v. Hoskinson*, 320 Or 83, 879 P2d 180 (1994). *State v. Lumpkin*, 320 Or 315, 882 P2d 602 (1994). We affirm.

The facts of this case are adequately stated in our previous opinion and are only briefly summarized here. After Officer Ludwig stopped defendant, and in response to defendant's behavior, Ludwig asked defendant to place his upper body and hands on the trunk of the patrol car. Moments later, and contrary to Ludwig's express instructions, defendant twice stiffened his arms, lifted his torso from the trunk and pulled his hands and arms in towards his midsection and out of Ludwig's view. Ludwig then did a cursory pat of defendant's waist area and the front of his jacket. After feeling a soft bulge in defendant's breast pocket, Ludwig removed the item, a small nylon pouch. He recognized a clear plastic baggie protruding from the pouch as a common means of packaging controlled substances. He then removed the baggie and saw that it contained a white powdery residue, which later proved to be methamphetamine. Defendant was convicted, on stipulated facts, of possession of a controlled substance. ORS 475.992(4)(b).

On appeal, defendant argued that Ludwig lacked a reasonable basis for asking him to place his upper body and hands on the trunk of the police car, that the frisk for weapons was not justified under ORS 131.625(1), the "frisk" statute, and that, even if the frisk was justified, Ludwig exceeded the permissible scope of that frisk under ORS 131.625(2). Notably, defendant did not challenge the officer's authority to search the pouch once it was seized from defendant's pocket. We first concluded that, under the circumstances, it was reasonable for Ludwig to ask defendant to put his upper body and arms against the car.[1] We then concluded that Ludwig had a reasonable suspicion, based on particularized facts, that defendant posed a threat of being armed

---

[1] On remand, we do not reconsider the merits of defendant's argument on that issue, and we expressly adopt and incorporate in this opinion the analysis included in our original opinion. *State v. Lumpkin, supra*, 129 Or App at 604-05.

and presently dangerous; thus, the frisk was justified. 129 Or App at 605. Finally, we concluded that the scope of the search, including the seizure of the pouch, was justified in the light of Ludwig's reasonable suspicion, again based on specific and articulable facts, that the pouch contained a dangerous or deadly weapon. 129 Or App at 609.

After we issued our opinion in this case, the Supreme Court decided *State v. Hoskinson, supra*, in which it addressed the validity of a warrantless search incident to arrest; the "stop and frisk" statutes were not at issue. In that case, an officer arrested the defendant for driving while suspended, handcuffed him and conducted a pat-down search. During the pat-down, the officer removed a wallet from the defendant's back pocket, which he then opened and looked inside. The officer discovered a small plastic bag containing residue that later proved to be methamphetamine. The defendant did not challenge the lawfulness of the stop, the arrest, the pat-down or the seizure of his wallet. *State v. Hoskinson, supra*, 320 Or at 89 (Van Hoomissen, J., concurring). Rather, the only issue on appeal was whether "the search of [the defendant's] wallet violated his right under Article I, section 9, of the Oregon Constitution, to be free from unreasonable searches." 320 Or at 86.

The court first set out the constitutional standard for determining when, after conducting a limited, pat-down search for weapons, an officer may conduct a more extensive search incident to arrest to protect officer safety or to prevent escape:

> "[A]n officer may conduct a further protective search if he or she develops a reasonable suspicion, based on specific and articulable facts, that the person in custody poses a serious threat of harm or escape and that a search would lessen or eliminate that threat." 320 Or at 87.

The court applied that standard and concluded that the officer's decision to search the wallet was not reasonable under the circumstances. The officer had testified that it was his normal practice to search wallets and that he had no specific reason to believe that the defendant's wallet contained a weapon or means of escape. 320 Or at 88. According to the court, the officer did not have a *reasonable* suspicion that the defendant posed an immediate threat. 320 Or at 88.

On remand, we are to reconsider this case in the light of *Hoskinson*; however, it is not exactly clear to us what impact that decision has on our analysis in this case. As noted, defendant here challenges the initial frisk and the subsequent search of his jacket pocket leading to the seizure of the nylon pouch. He does not challenge the search of the pouch itself. In contrast, the *only* challenge in *Hoskinson* was the search of the defendant's wallet; neither the pat-down nor the search of the pocket nor the seizure of the wallet was at issue. The only commonality that we identify is that the validity of the challenged police action in each case turns on the concept of "reasonable suspicion." However, the standard for "reasonable suspicion" articulated in *Hoskinson*, under Article I, section 9, is analogous to the one we applied in our original decision, under the "stop and frisk" provisions.

■    We addressed the propriety of the frisk under ORS 131.625(1), which authorizes an external patting of a stopped person's outer clothing "if the officer reasonably suspects that the person is armed and presently dangerous." We specifically noted that, to satisfy the statutory definition of "reasonably suspects," ORS 131.605(4),

"the officer must articulate particularized facts creating a reasonable suspicion that the stopped person poses an immediate threat. *State v. Matthys*, 106 Or App 276, 282, 808 P2d 94 (1990), *rev den* 311 Or 433 (1991)." *State v. Lumpkin, supra*, 129 Or App at 605.

We concluded that the particular facts identified by Ludwig adequately justified the frisk. After reconsideration, we believe that our conclusion was correct. We adopt and incorporate into this opinion our analysis and conclusions concerning that issue. *State v. Lumpkin, supra*, 129 Or App at 605.

■    In regards to the seizure of the pouch following the frisk, we first interpreted the applicable statute, ORS 131.625(2), to allow an officer to take reasonable steps necessary to take possession of an object felt during a frisk, if the officer has a "reasonable suspicion, based on specific and articulable facts," that the object contains a dangerous or deadly weapon. 129 Or App at 606. As mentioned above, the Supreme Court's decision in *Hoskinson* did not address that statute, and there is nothing in the court's opinion that would affect our holding as to the applicability of the statute.

Accordingly, we do not reconsider that analysis here, which we adopt and incorporate into this opinion. 129 Or App at 606-08. We then concluded:

> "Under the totality of the circumstances, including defendant's specific actions *and* Ludwig's subjective belief and specific concerns based on his training and experience, Ludwig reasonably suspected that the object that he felt during the frisk contained a weapon, and that his removal of the pouch from defendant's pocket was reasonably necessary." 129 Or App at 609. (Emphasis in original.)

Again, we believe that our analysis is consistent with the standard articulated in *State v. Hoskinson, supra.* In that case,

> "the officer * * * testified that he searched defendant's wallet because it was his 'normal practice' to do so. Indeed, in this case, the officer testified affirmatively that he had *no* specific reason to believe that defendant's wallet contained either a weapon or a means of escape." 320 Or at 87. (Emphasis in original.)

In contrast, the officer here gave very clear reasons as to why he was concerned that the object that he felt might have contained a weapon: Despite his repeated instructions to defendant to keep his arms spread out on the trunk of the police car, defendant twice pulled his arms and hands in toward the midsection of his body and out of Ludwig's view — exactly where Ludwig felt the unidentified object. As we concluded in our earlier opinion, Ludwig's belief was reasonable under the circumstances, and he was justified in removing the pouch.

After reconsidering this case in the light of *State v. Hoskinson, supra,* we conclude that the trial court did not err in denying the part of defendant's motion to suppress at issue here.

Affirmed.

**HASELTON, J.,** dissenting.

I agree that the rationale and result of *State v. Hoskinson,* 320 Or 83, 879 P2d 180 (1994), do not appear to materially alter the analysis of this case. However, I dissent and adopt without elaboration the reasoning expressed by Judge Durham's dissent in *State v. Lumpkin,* 129 Or App 601, 617-20, 880 P2d 468 (1994).