Argued and submitted August 31, reversed and remanded September 27, 1995

STATE OF OREGON,
*Appellant,*

*v.*

RONALD LEE JOHNSON,
*Respondent.*

(CF94-0457; CA A86754)

902 P2d 1223

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Eric R. Johansen, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

The state appeals from an order suppressing evidence. We reverse and remand.

The facts are not in dispute. Defendant resided on rural property owned by Ralph Tachella. Tachella retained an unrestricted right of access to that property. Tachella saw defendant bring onto the property a tool box, which Tachella believed had been stolen. Tachella called the police and spoke to Deputy Rowan. Tachella told Rowan that he had seen defendant bring the tool box onto the property and that he thought it had been stolen. At Tachella's invitation, Rowan went to the property, saw the tool box in plain view, opened it, inspected its contents and seized it. The next day, Rowan received a report of a stolen tool box. Defendant was charged with two counts of aggravated first degree theft, ORS 164.057, one count of second degree burglary, ORS 164.215, and one count of second degree criminal mischief, ORS 164.354.

Defendant moved to suppress, arguing that, under both the state and federal constitutions, Rowan lacked probable cause to believe that a crime had been committed and that the landlord lacked authority to consent to the seizure of the tool box. Defendant did not assert that he had any interest in the tool box. The state argued that Rowan's seizure of the tool box was justified by Tachella's consent, and that, in any event, defendant could not challenge the seizure of the tool box, because he failed to assert any property or privacy interest in it. The trial court concluded that Rowan lacked probable cause and that Tachella could not consent to the seizure.

■ On appeal, the state argues that the trial court erred in granting defendant's motion to suppress, because defendant failed to assert any interest in the evidence seized. Defendant contends that, because he did not affirmatively disclaim any interest in the tool box, he can assert that it was unlawfully seized. According to defendant, as long as there is evidence in the record from which it could be found that he had an interest in the tool box, he can challenge its seizure. In this case, he argues, there is evidence that Tachella saw him bring the tool box onto the property, and that is evidence from

which a factfinder could conclude that defendant had an interest in the tool box. We review the trial court's legal conclusions for errors of law. *State v. Lambert*, 134 Or App 148, 151, 894 P2d 1189 (1995).

In *State v. Knox*, 134 Or App 154, 894 P2d 1185 (1995), we held that, under Article I, section 9, of the Oregon Constitution,

> " '[a]s a matter of law, a defendant must assert a 'protected right in the particular item of property' before he or she may assert that it was unconstitutionally seized.' "

134 Or App at 161 (quoting *State v. Trevino/Ahumada*, 133 Or App 24, 27-28, 889 P2d 1317, *rev den* 321 Or 340 (1995)); *see also State v. MacDonald*, 105 Or App 102, 105-06, 803 P2d 1211 (1990), *rev den* 311 Or 433 (1991). Similarly, in *United States v. Padilla*, 508 US 77, 113 S Ct 1936, 1939, 123 L Ed 2d 635 (1993), the United States Supreme Court held that

> "a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant can demonstrate that *his* Fourth Amendment rights were violated by the challenged search and seizure."

(Emphasis in original.)

■ In this case, defendant did not assert any interest in the tool box that Rowan seized. His failure to disclaim any interest in the tool box is not the required affirmative assertion of a protected right in that item of personal property. He could not, therefore, challenge the constitutionality of the seizure of the tool box, and the trial court erred in granting his motion to suppress.

Reversed and remanded.