Argued and submitted October 31, 1995, reversed and remanded for new trial
May 15, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## WALTER LEE DYER,
*Appellant.*

(94C-20447; CA A86962)

917 P2d 51

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Paula Johnson Lawrence, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals his conviction for possession of a firearm in a public building, ORS 166.370, arguing that the trial court erred in denying his motion to suppress. We reverse.

On December 7, 1993, defendant went to the Oregon State Lottery Office in Salem and presented 30 winning lottery tickets to a service representative. At the time, he was wearing a long coat and a leg cast and used a crutch to walk. When the clerk processed the tickets, her computer showed that two of the tickets had been reported stolen from a lottery representative's van. One of the stolen tickets was worth $1.00 and the other was worth five more tickets.

While defendant waited, the clerk called the Gaming Enforcement Division of the Oregon State Police, which was located in the same building. Officers Winstead and Fluke responded, and the clerk gave them the tickets and a printout indicating that the tickets had been reported stolen. Fluke asked defendant how he came to possess the tickets, and defendant responded that he could not remember. Fluke then asked defendant if he would accompany the officers to the security office where they could discuss the matter in private, and defendant agreed.

In the office, Winstead told defendant that he was going to subject him to a pat-down frisk. He advised defendant that he conducted such frisks "as a matter of normal course" for the safety of the officers and other persons present. After Winstead informed defendant that he was going to be frisked, defendant stated that he possessed a gun and a knife. However, Winstead testified that, due to a severe hearing loss, he did not hear defendant's comments and proceeded to frisk defendant.[1] The subsequent frisk yielded a revolver and a knife.[2]

Defendant was charged with possession of a firearm in a public building. ORS 166.370.[3] The trial court denied

---

[1] There is evidence that the other officers present in the room heard defendant's remark, but there is no evidence that they communicated this information to Winstead before he frisked defendant.

[2] The state does not argue that the search was a valid consent search.

[3] ORS 166.370 provides:

defendant's motion to suppress the evidence discovered during the frisk, and he was convicted after a stipulated facts trial. Defendant assigns error to the trial court's denial of his motion to suppress.

ORS 131.625(1) provides:

"A peace officer may frisk a stopped person for dangerous or deadly weapons if the officer reasonably suspects that the person is armed and presently dangerous to the officer or other person present."

To conduct a permissible search under that statute, an officer must be able to articulate particularized facts that create a reasonable suspicion that the person to be searched poses an immediate threat. *State v. Lumpkin,* 133 Or App 265, 269, 891 P2d 660, *rev den* 321 Or 138 (1995).

■　　　In reviewing the legality of searches and seizures, we are bound by the trial court's findings of historical fact if they are supported by constitutionally sufficient evidence. *State v. Ehly,* 317 Or 66, 74-75, 854 P2d 421 (1993). However, the issue of whether the facts authorized the officer's conduct is reviewed as a question of law. *Id.* at 75. The legal question presented here is whether the facts support a reasonable suspicion that defendant was armed and presently dangerous.

The state asserts, and the trial court found, that the following facts gave Winstead a reasonable suspicion to believe that defendant posed an immediate threat of harm: (1) defendant possessed stolen lottery tickets; (2) defendant was wearing a long coat capable of concealing weapons; (3) defendant had a crutch, which could be used as a weapon; and (4) defendant was being questioned in a closed environment. Defendant argues that those facts were insufficient to authorize his frisk under ORS 131.625(1). We agree.

■　　　The fact that defendant possessed stolen lottery tickets may have led Winstead to believe that defendant had committed a crime. However, that belief, by itself, did not give Winstead the authority to conduct a frisk. *See State v.*

---

"(1) Any person who intentionally possesses a loaded or unloaded firearm or any other instrument used as a dangerous weapon, while in or on a public building, shall upon conviction be guilty of a Class C felony."

*Matthys*, 106 Or App 276, 281-82, 808 P2d 94, *rev den* 311 Or 433 (1991). Additionally, the mere fact that defendant was wearing a long coat capable of concealing weapons does not bolster Winstead's suspicion. There is certainly nothing unusual about wearing a long coat in December. There is also no indication that Winstead had any specific reason to believe that defendant possessed a weapon under his coat. With respect to the crutch, it is true that defendant could have used it as a weapon. However, nothing about defendant's demeanor indicated his intention to do so. *See State v. Knox*, 134 Or App 154, 159, 894 P2d 1185 (1995). Moreover, Winstead could have simply removed the crutch from defendant's reach after he sat down. Finally, the fact that the investigation was conducted in a closed environment does not, in itself, reasonably indicate that defendant was an immediate threat. That closed environment was a place of the officers' choosing—their own security office. We hold that, based on the facts here, Winstead did not have a reasonable suspicion that defendant posed an immediate threat of harm. Accordingly, Winstead lacked authority to conduct the frisk under ORS 131.625(1). The trial court erred in denying defendant's motion to suppress.

Reversed and remanded for a new trial.