Argued and submitted January 31, reversed and remanded for new trial
July 31, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN B. CREIGHTON,
*Appellant.*

(94-09-36407; CA A86846)

921 P2d 1339

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his convictions for possession of controlled substances. ORS 475.992. He assigns error to the denial of his motion to suppress evidence. We reverse and remand.

During the evening of September 16, 1994, Portland Police Officer Moylan saw defendant on a Portland street and, having known him for three to six months, engaged him in conversation. Later that night, Moylan learned that defendant was named on an outstanding felony warrant for a parole violation.

About 1:00 p.m. the next day, Moylan saw defendant talking with some people on a downtown Portland street. Defendant was astride a mountain bike and was carrying a backpack across his shoulder. Moylan thought the backpack was the same one he had seen defendant carrying the night before. Moylan contacted defendant and informed him that he was named on a warrant. Defendant said, "fine," removed the backpack, placed it on the ground at his feet and put his hands behind his back for cuffing.

McConnell, one of two people who had been talking with defendant prior to Moylan's arrival, held the mountain bike as Moylan escorted defendant to the patrol car about 15 feet away. The backpack remained at her feet. From the back of the patrol car, defendant said, "Can I give my bike, or can she [McConnell] take this pack and the bike to my girlfriend's house?" Moylan responded, "I have no problem with that. She can take the stuff. I just have to check and make sure there's no weapons or contraband in the pack."

At this point, defendant said that he did not know what was in the pack and that the pack belonged to his girlfriend. Moylan then placed the pack on the hood of the patrol car, opened it, and found LSD and methamphetamine. Among other items, Moylan also found a tan leather motorcycle jacket that he recognized as defendant's.

Defendant moved to suppress the evidence that Moylan discovered in the pack. At the suppression hearing, defendant testified that, although he told Moylan the pack

belonged to his girlfriend, the pack actually belonged to him. Following the hearing, the trial court concluded that, "[b]y testifying the pack was his, the defendant established a protected right in the property." However, the court denied defendant's motion to suppress, "because defendant disclaimed any connection with the container, it was not necessary to obtain * * * consent to open it."

■ On appeal, defendant maintains that the search of the pack violated Article I, section 9, of the Oregon Constitution, and that the court erred in concluding that he gave up his protected interest in the pack at the scene of the search.

The state does not challenge the trial court's finding that defendant had a protected interest in the pack. Nor does the state contend that the search can be justified under an officer safety, search incident to an arrest, or consent rationale. Rather, the state contends that "[t]he issue is not whether defendant retroactively asserts he had a protected interest all along; the issue is whether he gave up that interest at some point and thus forfeited his right to complain about the search that followed."

Because the police had no warrant and the state does not argue that any exception to the warrant requirement applies, we begin with the premise that the search of the pack, a closed container, violated Article I, section 9. Because the police violated the privacy of the pack, we must determine whether that violation infringed on defendant's privacy interest in the pack. *State v. Tanner*, 304 Or 312, 321, 745 P2d 757 (1987).

In all of the cases relied on by the state in support of its argument that defendant forfeited his right to complain about the search, the defendants either failed to assert any protected right in the item of property at the suppression hearing or the record failed to sufficiently demonstrate that the defendant had a protected interest in the property. *State v. Johnson*, 137 Or App 91, 902 P2d 1223 (1995); *State v. Knox*, 134 Or App 154, 894 P2d 1185 (1995); *State v. Bogart*, 116 Or App 443, 841 P2d 672 (1992). Instead, these cases confirm only the well accepted rule that, in the absence of evidence of a defendant's protected interest in a particular item of property, a defendant cannot prevail on a challenge to the

constitutionality of the search and seizure of the property. Nothing in the cases relied on by the state supports its position that defendant's statement at the scene that the pack belonged to his girlfriend "forfeited his right to complain about the search that followed."

■　The problem with the state's argument is that it fails to acknowledge that

> "[t]he extent to which actions by state officials are governed by [Article I,] section 9 is defined by the general privacy interests of 'the people' rather than by the privacy interests of particular individuals. * * * The question of whose privacy rights have been violated is logically separate from the question whether section 9 has been violated." *Tanner,* 304 Or at 320 (footnote omitted).

Here, the fact that defendant said the pack belonged to someone else does not make the pack and its contents any less private with respect to an unlawful entry by the police. Defendant's statement is extraneous to an assessment of whether Article I, section 9, "has been violated." *Id.* Nor is defendant's statement that the pack belonged to someone else necessarily *determinative* of any privacy interest defendant may have had in the pack and its contents by virtue of his possession of it, regardless of its legal ownership. *See State v. Herrin,* 323 Or 188, 915 P2d 953 (1996) (Defendant's right to control the vehicle searched was a "connection with the automobile" sufficient to support "a privacy interest in [the defendant] for the purpose of search and seizure law.").

The court found that the pack and its contents belonged to defendant and that "defendant established a protected right in the property." The state does not challenge that finding. In the absence of defendant's consent, the court's finding that "defendant established a protected right in the property" compels the conclusion that the illegal search of the pack violated defendant's privacy interests under Article I, section 9.

Reversed and remanded for new trial.