Argued and submitted November 25, 1987, affirmed March 9, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# RITA LOUISE MASSEY,
*Appellant.*

## (86-CR-0286-TM; CA A43782)

750 P2d 1192

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Martin Dolan, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals her conviction for unlawful possession of a controlled substance. ORS 475.992. She assigns as error the denial of her motion to suppress a white box seized without a warrant from her car, its contents and the results of testing those contents. .

Pursuant to a warrant, defendant was arrested for unlawful manufacture and possession of a controlled substance. The arresting detective had had previous contact with defendant in relation to the possession of drugs. To execute the warrant, the detective stopped defendant, who was driving from a store, approached her vehicle and observed that she was "fiddling" with something. He saw her pushing something behind a grocery bag that was placed between her and her passenger. When other police units arrived, the officer asked defendant to park the car and get out of it. The passenger placed the grocery bag on the floorboard, and the detective could then see a plastic baggie, containing a green leafy material which he believed to be marijuana, and a wooden pipe. As defendant was getting out of the car, she attempted to push the baggie and a small white metal box into the crack of the seat. The box looked like a jewelry box. The detective seized the baggie, the pipe and the white box. He opened the box, because he believed that it contained more marijuana. Inside, he found about twenty-three small, sealed baggies with a beige-colored powdery substance in chunks. A strong odor emanated from them, similar to the odor of chemicals which he knew are used in manufacturing methamphetamine. A lab test later confirmed that the box contained methamphetamine, a controlled substance.

The trial judge concluded that the stop was lawful, the contraband in the baggie was in plain view and defendant had attempted to hide it and the box. He therefore admitted the box, its contents and the test results into evidence as results of a lawful search incident to defendant's arrest. *State v. Caraher*, 293 Or 741, 653 P2d 942 (1982).

Defendant does not argue that the arrest was unlawful. She contends, however, that the seizure and opening of the box was unreasonable, because there was no probable cause to believe that it contained contraband. We do not agree.

■     Probable cause has both a subjective and an objective component. An officer must subjectively believe that a thing is subject to seizure, and the belief must be reasonable in the circumstances. *State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986). Probable cause does not require certainty. *State v. Herbert,* 302 Or 237, 241, 729 P2d 547 (1986). An opaque container may be lawfully seized and its contents may be tested without a warrant, if the surrounding circumstances give the officer probable cause to believe that it contains contraband. *State v. Herbert, supra,* 302 Or at 242.

Here, defendant was being arrested for unlawful manufacture and possession of drugs. The detective knew from past experience that she had earlier possessed illicit drugs. He saw the pipe and the baggie in plain view and concluded, on the basis of his training and experience as a drug enforcement officer, that the baggie contained marijuana. Defendant's conduct with respect to both the baggie and the box was the same. The detective observed her attempt to hide both. Although the box theoretically could have contained anything, we conclude that defendant's conduct with regard to both the box and the baggie "announced" the contents of the box sufficiently to give the detective probable cause to believe that the box, like the baggie, contained contraband. The detective had the right to open it and test the substance found inside. *State v. Owens, supra,* 302 Or at 207; *State v. Herbert, supra,* 302 Or at 243.

Affirmed.