Argued and submitted May 27, resubmitted In Banc August 11, affirmed
October 12, 1988

## STATE OF OREGON,
*Appellant,*

*v.*

## ANGELA DANETTE LAVENDER,
*Respondent.*

## (87-2448-C-1; CA A46475)

762 P2d 1027

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David E. Groom, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Defendant was charged with possession of a controlled substance. ORS 475.992(4). The state appeals a pretrial order allowing defendant's motion to suppress evidence seized from her purse. At issue is whether the search was justified as incident to defendant's arrest.

On August 20, 1987, at about 1:00 a.m., an anonymous phone call to the Medford police department reported a woman screaming in a small park. Officer Newell, who was dispatched to investigate the report, saw a woman standing in the park, screaming. In response to Newell's inquiry, the woman, defendant in this case, said that her father had recently died and that she was very upset. When he obtained her name, Newell recalled seeing an announcement of her father's death in a local newspaper. He asked her to calm down and left. As he was leaving, he radioed defendant's name to the dispatcher and shortly thereafter received a message that there was an outstanding warrant for her arrest for criminal mischief and possession of a controlled substance, methamphetamine. Newell and another officer, Churma, returned to the park. They located defendant and asked her for identification. While defendant was looking in her purse, Churma shined a flashlight into it. Defendant quickly closed the purse and moved it away in an apparent effort to prevent the officers from seeing its contents. The officers arrested defendant on the warrant, searched her purse and found methamphetamine and narcotics paraphernalia.

Newell testified that, during the first encounter with defendant, she had the general appearance of an intoxicated person but that he did not smell the odor of intoxicating liquor. With regard to the second encounter, the officers described defendant's condition as that of a person under the influence of drugs, in particular, having dilated pupils with no reaction to light, a flushed face, a dry mouth and a hypererratic mood. Churma, who had extensive police experience relating to illegal drugs, concluded that defendant was under the influence of either metamphetamine or cocaine.

The state concedes that the search of defendant's purse may not be justified as a search for evidence of the offense for which a warrant existed and for which she was

being arrested. It contends, however, that, under the circumstances, it was reasonable for the officers to believe that defendant's purse contained evidence of the offense of possession of a controlled substance. The circumstances relied on are that the prior offense was drug related, defendant appeared to be under the influence of drugs or intoxicants at the time of the warranted arrest, and she attempted to conceal the contents of her purse.

■ To support a search incident to an arrest, there must be either an arrest warrant or probable cause to believe that the suspect has committed an offense. ORS 133.235, ORS 133.310; *State v. Owens,* 302 Or 196, 203, 729 P2d 524 (1986). The search, other than a protective custody pat down, must relate to the crime for which a person is being arrested and must be reasonable under the circumstances. *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982). During a lawful arrest for one offense, the arresting officer may develop probable cause to arrest and search for evidence of a different offense. *State v. Krogness,* 238 Or 135, 388 P2d 120, *cert den* 377 US 992 (1964); *State v. Flores,* 68 Or App 617, 629-30, 685 P2d 999, *rev den* 298 Or 151 (1984). Because the state concedes that the search was not valid merely as incident to defendant's arrest for her earlier drug offense, the relevant question is whether probable cause existed to believe that her purse contained evidence of another offense then being committed.

■ We are not persuaded that the surrounding circumstances amounted to probable cause. Most importantly, the fact that defendant closed her purse and pulled it away from the officers could not support probable cause to believe that she had committed a crime. By that act, defendant exhibited her intention to protect the privacy of her purse. The assertion of a constitutionally protected right against warrantless searches cannot be a basis for such a search. Neither did the other circumstances, defendant's appearance and behavior, give rise to reasonable cause to believe that she had committed a crime. Although the officers might have reasonably believed that defendant was under the influence of a controlled substance, that fact alone could not make her subject to being arrested and searched. Even if she had been detained for detoxification and her belongings searched in a detoxification facility, methamphetamine found in her purse could not be used in this criminal proceeding. *See State v. Okeke,* 304 Or

367, 374, 745 P2d 418 (1987). We conclude that the evidence was properly suppressed.

Affirmed.

**ROSSMAN, J.,** dissenting.

The only question presented in this case is whether Officers Newell and Churma had probable cause to believe that a new crime was being committed in their presence. Because I believe that they did, I respectfully dissent.

The test for probable cause

"is what a [reasonable] officer actually believed, based upon the underlying facts of which he was cognizant, together with his own training and experience." *State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986).

On the basis of his extensive experience in drug work, Churma concluded that defendant was under the influence of either methamphetamine or cocaine at the time of the arrest. Further, the officers were aware that felony warrants on charges of possession of methamphetamine had been issued for defendant. Given those facts, it was reasonable for the officers to believe that defendant quickly withdrew her open purse from their view because it contained a controlled substance. Having probable cause to believe that a crime was being committed in their presence, the officers were justified in arresting her and searching her purse for evidence thereof.

The Oregon Constitution protects citizens against *unreasonable* searches and seizures. It is true that none of the facts on which the officers relied, taken alone, justified searching defendant's purse. Viewing the sequence of events and surrounding circumstances in their totality, however, the officers reasonably believed that defendant was in possession of a controlled substance. I therefore see no purpose in suppressing the evidence gained by their search of the purse. Accordingly, I would reverse.

Richardson, Van Hoomissen and Deits, JJ., join in this dissent.