Argued and submitted April 25, reversed and remanded for new trial August 29, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## TRACY LYNN SCARBOROUGH,
*Appellant.*

(C88-08-35370; CA A60787)

796 P2d 394

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals her conviction for possession of a controlled substance. ORS 475.992. She argues that the trial court erred in denying her motion to suppress evidence seized from her purse. We reverse.

In July, 1988, Portland Police Officers Jensen and Watts noticed a car that had pulled over with its engine running and its lights on. One woman was in the car and another, defendant, was "scurrying around" outside the car. Defendant got into the car, moved it about 20 feet and stopped. The officers noticed that the car had "improperly displayed tags." They parked and approached the car, one officer on each side. Watts asked defendant for a driver's license. She began looking through her purse and then told him that she did not have a license. Watts asked her if she had any other identification with her name on it and she said, "No, not much." She then looked through her purse again for 20 to 30 seconds. As she was doing so, Jensen shined his flashlight into the purse. He testified that he saw 10 or 12 small plastic cards that looked like they might have had her name on them and that, as he shined the light into her purse, she acted as if she was trying to hide something. She then produced a laminated school identification card with the name "Tracy Scarborough" and her picture on it.

Watts placed defendant in custody for failure to display an operator's license, ORS 807.570, and asked her to sit in the patrol car. Jensen ran a check on defendant's driving status and a warrant check. He found no outstanding warrants and no license issued in the name Tracy Scarborough. Jensen "did not feel good" about the school identification card and defendant's motions in the car while she looked for identification. The negative record check also made him suspicious. He then went back to the car to search her purse for her identification. In the purse, he found a number of plastic identification cards that belonged to another person and two small plastic bags containing a white powder, later identified as cocaine.

Defendant assigns error to the trial court's denial of her motion to suppress. She first contends that the search may not be justified as incident to her arrest for failure to display an operator's license. We agree. The police could not reason-

ably have expected to find in her purse any instrumentalities or fruits of the crime for which defendant was arrested. Although they might have found evidence, such as a license, that would be a defense to the charge, searches to discover exculpatory evidence are not permissible. *State v. Nelson,* 102 Or App 106, 792 P2d 486 (1990); *State v. Scheer,* 99 Or App 80, 781 P2d 859 (1989).

■     The trial court found that Jensen had probable cause to arrest defendant for the crime of furnishing false information to a police officer and concluded that he lawfully searched her purse incident to that arrest. *State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986). Defendant argues that the search may not be justified as incident to an arrest for that offense, because the officers did not have probable cause to believe that she had committed it.

■     To make a lawful search, an officer must subjectively believe that probable cause exists to arrest a person for a particular offense, and the belief must be objectively reasonable under the circumstances. *State v. Owens, supra,* 302 Or at 204. Jensen did believe that defendant had misrepresented her identity. However, that belief was not supported by objective facts. The state argues that Jensen's belief was supported by the results of the record check, by the fact that Jensen "did not feel good" about the type of identification that defendant gave and by her attempt to prevent the officers from looking into her purse.

Although it may be unusual for a record check to produce no information on a name, that is not necessarily incriminating, particularly when it was consistent with defendant's statement that she did not have a license. In addition, there is no objective basis to support Jensen's suspicions about the identification. He explained that he was suspicious about it, because "I just never feel good about that type of I.D., the check cashing I.D. that you can get, something from Fred Meyer with your picture on it that you can have laminated for a quarter." However, there was nothing wrong with the identification. Both officers acknowledged that it was defendant's picture, and neither testified that it appeared to be altered in any way.

■     Finally, defendant's attempts to prevent the officers from looking into her purse do not support a finding of prob-

able cause. Furtive movements may add to a finding of probable cause when they are contemporaneous with the officer's observations of other information consistent with criminal activity. *State v. Herbert,* 302 Or 237, 242, 729 P2d 547 (1986); *State v. Massey,* 90 Or App 95, 750 P2d 1192 (1988). Here, however, there was no other indication that a crime had occurred, and defendant's actions may not be used to establish probable cause. *State v. Lavender,* 93 Or App 361, 364, 762 P2d 1027 (1988).

Reversed and remanded for a new trial.