Argued and submitted August 6, reversed December 11, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# EUGENE DON MEIER,
## aka Eugene Don Maier,
*Appellant.*

## (C9502-31500; CA A89954)

919 P2d 1052

Eric J. Hale argued the cause. On the brief were David A. Corden and Corden Mendez & Birk.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals from convictions for delivery and possession of a controlled substance, methamphetamine. ORS 475.992. He assigns error to the trial court's denial of his motion to suppress evidence seized from the trunk of his vehicle. We reverse.

While using a public telephone in a convenience store parking lot, a police officer noticed defendant using an adjacent phone with a notebook open in front of him. In the notebook were written a series of fractions, other numbers, names and telephone numbers. The officer saw a "½" followed by "600," and testified that $600 was the street price for one-half ounce of cocaine or methamphetamine. Based on his training and experience, the officer believed that the notebook was a record of drug sales.

When defendant finished his call and walked toward his vehicle, the officer asked him about the notebook. Defendant said he used it as a phone book. The officer then requested defendant's driver's license. Defendant complied, and the officer copied down identifying information and returned the license.[1] When asked if he had any weapons or drugs, defendant admitted having a knife and a baseball bat. The officer then asked for consent to search the vehicle. Defendant at first agreed, limiting the search to certain areas, then refused entirely.

The officer drove away and parked around the corner where he could observe defendant in the parking lot. The officer erroneously believed that defendant's driver's license was suspended and planned to stop him when he drove off, conducting a search after arresting him for driving while suspended. Defendant, however, did not drive off but instead took a box from the vehicle's passenger compartment and placed it in the trunk. A records check revealed that defendant had no warrants but was on parole.

The officer called defendant's parole officer and relayed his suspicions about defendant's drug activity,[2]

---

[1] The trial court ruled that defendant was not subject to a "stop." ORS 131.605 *et seq.* On appeal, defendant does not assign error to that ruling.

[2] The parole officer testified that he did not remember any mention of defendant's notebook or a drug sales record.

defendant's admission to having a knife and a baseball bat and his refusal to consent. One of the conditions of defendant's parole required him to consent to a search of his person, vehicle or premises upon reasonable grounds to believe evidence of a parole violation would be found.[3] The police officer returned to the parking lot, and the parole officer spoke to defendant on the telephone, reminding him of the consent condition. Defendant continued to refuse, and the parole officer instructed the police officer to take defendant into custody.[4]

Defendant was arrested and a search of the box in the vehicle's trunk revealed methamphetamine and drug paraphernalia. About 30 minutes after the arrest, the parole officer faxed a written detention order to the Multnomah County Jail. Defendant was indicted on three counts of delivery and two counts of possession of a controlled substance. He moved to suppress the evidence seized from his trunk, arguing that the arrest and search were invalid. The trial court denied the motion and found defendant guilty of all counts in a bench trial.

On appeal, defendant first assigns error to the trial court's ruling that defendant's arrest was authorized by ORS 144.350, the statute governing arrests for parole violations. ORS 144.350 provides, in part:

"(1) The Department of Corrections may order the arrest and detention of any person then under the supervision or control of the department upon being informed and having reasonable grounds to believe that such person has violated the conditions of parole, post-prison supervision, probation, conditional pardon or other conditional release from custody. Before issuing such an order, the department shall investigate for the purpose of ascertaining whether the terms of the parole, post-prison supervision, probation,

---

[3] Other conditions of parole required that defendant "[n]ot use or possess controlled substances," "[n]ot possess weapons, firearms or dangerous animals" and "[o]bey all laws."

[4] It is unclear from the record exactly what information the parole officer relied on in finding reasonable grounds to believe that defendant had violated parole. *See, e.g.,* n 2. On appeal, however, defendant does not argue that the parole officer lacked a basis to request consent to search.

conditional pardon or other conditional release have been violated."

ORS 144.360 provides:

"Any order issued by the Department of Corrections as authorized by ORS 144.350 constitutes full authority for the arrest and detention of the violator, and all the laws applicable to warrants of arrest shall apply to such orders."

Defendant contends that an arrest order issued pursuant to ORS 144.350(1) must be in writing, because "the laws applicable to warrants of arrest shall apply to such orders," ORS 144.360, and arrest warrants must be in writing, ORS 133.140(1). Defendant's parole officer authorized the arrest orally, and defendant was taken into custody about 30 minutes before a written arrest order was faxed. Accordingly, defendant argues, ORS 144.350(1) did not authorize his arrest.

Whether an arrest order must be in writing is "academic," the state responds, because there were grounds to arrest defendant independent of the parole violation. The state contends that the officer had probable cause to arrest defendant for either delivery of a controlled substance or felon in possession of a prohibited weapon. We disagree.

■     Even assuming that it was objectively reasonable to believe that defendant had committed those offenses, probable cause has both a subjective and objective component. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). The subjective component means that "the officer *subjectively* believed that he had probable cause to" make an arrest on those charges. *Winroth v. DMV*, 140 Or App 622, 628, 915 P2d 991 (1996) (emphasis in original).

■     The trial court stated:

"I haven't really had to focus on whether the officer had probable cause for an arrest, because * * * the officer clearly relied on the [parole] officer for the arrest. And so it doesn't really matter. I don't think it matters. The officer had— frankly, to the extent that it's relevant, I find it more likely than not that the police officer had probable cause to arrest for dealing in drugs."

From those comments, the state contends, it is apparent that the trial court implicitly found that the officer subjectively believed that he had probable cause to arrest defendant for a drug-related offense. We are bound by the trial court's factual findings if supported by evidence in the record. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). When the trial court fails to make findings of material fact, we presume the facts were decided in a manner consistent with the ultimate conclusion, if supported by the record. *Id.*

The record does not support a finding of subjective probable cause, whether implicit or otherwise. The officer testified that he arrested defendant for failure to comply with the conditions of parole—*i.e.*, the refusal to consent to a search. The officer never testified that he actually believed he had probable cause. Although the officer's request for consent and his call to the parole officer were apparently motivated by *suspicions* of drug activity, that does not rise to the level of probable cause to arrest for a drug violation.

Furthermore, the officer's conduct demonstrated that he did not believe he had probable cause to arrest. On defendant's initial refusal to consent, the officer withdrew and watched from a distance, hoping to conduct a search by arresting defendant for a traffic offense. When defendant did not leave and the officer learned of defendant's parole status, the officer contacted the parole officer in order to proceed. Those were not the actions of someone who subjectively believed that he had probable cause to arrest on a drug or weapons charge.

Because the arrest cannot be justified on grounds independent of the alleged parole violation, defendant's argument is not merely "academic." We must therefore determine whether ORS 144.350(1) requires arrest orders to be in writing.

Statutory interpretation is a question of law. In construing a statute, we must discern the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We first examine the statute's text and context, proceeding to legislative history if, and only if, intent remains unclear. *Id.* at 610-12.

■    The text of ORS 144.350(1) does not indicate whether the legislature intended arrest orders to be in writing. Context is defined as "other provisions of the same statute and other related statutes." *PGE*, 317 Or at 611. As defendant points out, the context of ORS 144.350 includes ORS 144.360, which provides that "all the laws applicable to warrants of arrest shall apply to such orders." Although those laws mandate that arrest warrants be in writing, ORS 133.140(1), they also authorize *warrantless* arrests when there is probable cause to believe that the person has committed a crime, ORS 133.310(1).[5] In other words, police officers who have sufficient probable cause do not need *written* authority to make an arrest.

■    The same must be true when a parole officer has reasonable grounds to believe that a parole violation has occurred. "Reasonable grounds" involves a lesser quantum of proof than probable cause. *State v. Gulley*, 324 Or 57, 65, 921 P2d 396 (1996) (construing ORS 137.540(2)(m), which requires probationer to submit to search on reasonable grounds to believe evidence of probation violation will be found). By allowing the arrest of a parole violator on the lesser showing of reasonable grounds, ORS 144.350(1), the legislature intended to grant parolees less protection from arrest than those not under the supervision of the Department of Corrections. *See Gulley*, 324 Or at 65 (reaching similar conclusion regarding probationer searches).

■    Under ORS 133.310(1), a police officer who observes a member of the general public commit a crime may immediately make an arrest without a written arrest warrant. Therefore the police officer here, acting under the authority of a parole officer who had sufficient reasonable grounds, must also be allowed to make an arrest without written authority. To hold otherwise would grant a parolee greater protection from arrest than members of the general public, contrary to the legislature's intent. We hold that ORS 144.350(1) did not require the arrest order to be in writing, and defendant's arrest was not invalid on that basis.[6]

---

[5] *See also* ORS 137.550(2) (no warrant required to arrest for probation violation, and probation officer's statement of belief that a probation violation has occurred is sufficient to detain probationer).

[6] We do not decide under what circumstances a written order is required under ORS 144.350(1). We hold only that a written order was not required here.

■        Defendant next argues that the trial court erred by upholding the search of his vehicle as a "search incident to arrest." A search incident to arrest is one of the exceptions to the warrant requirement. Under that doctrine, a police officer making an arrest is allowed to conduct a warrantless search for evidence relevant to the crime for which the person is arrested. *State v. Hoskinson*, 320 Or 83, 86, 879 P2d 180 (1994); *State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982). Defendant was arrested for violating a condition of his parole—refusing to consent to a search upon reasonable grounds that he had violated some other condition of parole.

Defendant contends that no additional evidence was necessary to prove his refusal to consent, and the search of his vehicle therefore cannot be justified as a search for evidence of the parole violation. The trial court ruled that the officer could search not only for evidence of defendant's refusal, but also for evidence of the suspected parole violation that prompted the request for consent. We disagree.

■■        A warrantless search cannot be justified as "incident to arrest" unless there is *probable cause* to arrest for a particular offense. *Owens*, 302 Or at 204; *State v. Scarborough*, 103 Or App 231, 234, 796 P2d 394 (1990). As discussed above, the officer did not subjectively believe he had probable cause to arrest defendant for either a drug or weapons offense independent of the parole violation. The officer's authority to arrest stemmed from the parole officer's order, which was based on the lower standard of "reasonable grounds." ORS 144.350. Furthermore, that order only provided "authority for the *arrest* and *detention* of the violator," ORS 144.360, not a search incident to that arrest.

■ ■        In the absence of subjective probable cause, the search therefore cannot be justified as incidental to defendant's arrest. *See State v. Kock*, 302 Or 29, 32, 725 P2d 1285 (1986) (no search incident to arrest where police did not believe they had reason to arrest defendant before the search). For the same reason, the automobile exception does not apply. *State v. Brown*, 301 Or 268, 274, 721 P2d 1357 (1986) (probable cause required to search under automobile exception). Furthermore, the search was not authorized by the "consent" condition of defendant's parole. *See State v.*

*Hindman,* 125 Or App 434, 439, 866 P2d 481 (1993) (such conditions are merely agreements to consent, not prospective consents). On appeal, the state asserts no other grounds supporting the warrantless intrusion into defendant's vehicle. Accordingly, the trial court erred in denying defendant's motion to suppress.

Reversed.