**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Domanick David CAMPBELL,**
**Defendant–Appellant.**

No. 99–30382.
D.C. No. CR–99–00144–MFM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2000.

Decided Feb. 27, 2001.

Before KOZINSKI and KLEINFELD, Circuit Judges, and SCHWARZER, District Judge.[*]

## MEMORANDUM [**]

■ Campbell's September 16 detention was unlawful because Oregon Revised Statutes § 144.350 does not give the police authority to detain a probation violator before a supervisory authority has issued a detention order. *See* Or.Rev.Stat. § 144.350; *State v. Meier*, 145 Or.App. 179, 185, 929 P.2d 1052 (Or.Ct.App.1996). The district court thus erred in denying Campbell's motion to suppress the ammunition because the police had obtained that evidence only by exploiting the illegal arrest. *See United States v. Shephard*, 21 F.3d 933, 939 (9th Cir.1994). The police found marijuana on Campbell when they detained him and, later that evening, obtained consent from Hart to search Campbell's home. But the police obtained Hart's consent only after informing her about their earlier encounter with Campbell and their desire to search his house for more marijuana. "[W]here the person who offers the consent knew of the prior illegal action, his consent may be considered tainted, and evidence found must be suppressed." *United States v. Oaxaca*, 233 F.3d 1154, 1158 (9th Cir.2000) (alteration and internal quotation marks omitted); *see also United States v. Furrow*, 229 F.3d 805, 814 (9th Cir.2000).

■ The district court also erred in denying Campbell's motion to suppress statements made following his September 18 arrest. The government argues that this arrest was valid pursuant to a detention warrant. However, the warrant was "brought about only because of [Campbell's] illegal detention" on September 16 and is thus tainted. *Shephard*, 21 F.3d at 939 (alteration and internal quotation marks omitted); *see also Wong Sun v. United States*, 371 U.S. 471, 484–87, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ Nor did Officer Matthews have probable cause to arrest Campbell. Officer Matthews observed Campbell parked near a house known for drug activity. Campbell fled as Matthews approached the car, and Matthews recognized him as

---

[*] William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the same person who had fled that location two weeks earlier. These circumstances may add up to reasonable suspicion, *see Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), but a prudent person would not have concluded that "there was a fair probability that [Campbell] had committed a crime." *United States v. Garza*, 980 F.2d 546, 550 (9th Cir.1992) (alteration in original) (citation and internal quotation marks omitted).

REVERSED AND REMANDED.