Submitted June 25, 2015, affirmed October 19, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEREMY JOSEPH DELFINO,
*Defendant-Appellant.*

Douglas County Circuit Court
13CR1429FE; A155151

386 P3d 133

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

**FLYNN, J.**

Defendant appeals from a judgment of conviction for unlawful possession of methamphetamine and unlawful delivery of methamphetamine. He assigns error to the court's denial of his motion to suppress evidence that officers found during a warrantless search of defendant's car. We conclude that the officers conducted a lawful search incident to arrest for the crime of possession of methamphetamine, even though defendant had already been removed from the car and placed under arrest for an unrelated probation violation when officers developed probable cause to believe he possessed methamphetamine and searched his car for evidence of that crime. Accordingly, we affirm.

Defendant was stopped after an officer saw him commit multiple traffic infractions and determined that the insurance on the car had expired. As the officer approached defendant's car, he noticed that defendant seemed very nervous and was sweating profusely in spite of the cool outside temperature, which the officer believed were signs that defendant had used a central nervous system stimulant "similar to methamphetamine." Defendant did not have his driver's license, but provided alternative identification. During the course of trying to confirm defendant's identity, the officer learned of a probation violation and arrested defendant for that violation.

While the arresting officer escorted defendant back to the patrol car, another officer looked into the car and saw a small plastic baggie containing a white substance that the officer recognized as methamphetamine, based on his training and experience. He notified the arresting officer, who then placed defendant in the back of the patrol car and looked through the window of defendant's car. The arresting officer also believed that the substance in the baggie was methamphetamine, so he opened the car to remove that baggie and also searched the car for other evidence of illegal narcotics. During the search, he found marijuana, additional methamphetamine, and drug packaging materials. Defendant moved to suppress the evidence found in his car.

Following a hearing on defendant's motion to suppress, the trial court determined that the officers had probable

cause to arrest defendant for the crime of possession of methamphetamine at the time they searched the car, because of the arresting officer's observations that defendant appeared to be under the influence of a central nervous system stimulant, methamphetamine, and the officers' observations of the baggie in the back of the car in plain view. Based on that determination, the court concluded that the warrantless search of the car was a lawful search incident to arrest and, accordingly, denied defendant's motion to suppress.[1]

Article I, section 9, of the Oregon Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure." A search without a warrant is unreasonable unless it "'fall[s] within one of the few specifically established exceptions to the warrant requirement.'" *State v. Mazzola*, 356 Or 804, 810, 345 P3d 424 (2015) (quoting *State v. Bridewell,* 306 Or 231, 235, 759 P2d 1054 (1988)). One of the established exceptions to the warrant requirement is a search incident to arrest. *Id.* at 811.

"A warrantless search incident to arrest can be made for any of three purposes: (1) to protect a police officer's safety; (2) to prevent the destruction of evidence; or (3) to discover evidence of the crime of arrest." *Id.* at 811. Whichever the purpose, however, a search incident to arrest must be reasonable in time, scope, and intensity. *State v. Washington*, 265 Or App 532, 536, 335 P3d 877 (2014).

We review for legal error the trial court's determination that the officers conducted a lawful search, but we are bound by the trial court's explicit factual findings, and necessary implicit factual findings, "'as long as the record includes constitutionally sufficient evidence to support those findings.'" *State v. Krause*, 281 Or App 143, 145, 383 P3d 307

---

[1] The court also concluded that the search was lawful under the "automobile exception" to the warrant requirement. *See State v. Kurokawa-Lasciak*, 351 Or 179, 192, 263 P3d 336 (2011) (the "automobile exception" authorizes warrantless searches when officers have probable cause to search a vehicle that is "mobile at the time that the police encounter it in connection with a crime"). Defendant argues that the "automobile exception" does not apply because he was stopped for an infraction, not a "crime." We do not address that argument, however, because we conclude that the court correctly determined that the officers conducted a lawful search incident to arrest.

(2016) (quoting *State v. Walker*, 277 Or App 397, 398, 372 P3d 540 (2016)).

On appeal, defendant does not challenge the trial court's determination that the officers had probable cause to arrest defendant for possession of methamphetamine once they observed the baggie through the car window. Nor does he dispute that the officers searched the car for additional evidence of that crime. However, he argues that the car was "not within his control" when the officers saw the baggie in the car, because defendant was already outside of the car and under arrest for the alleged probation violation. Thus, according to defendant, the car was outside of the scope of a lawful search incident to arrest.

We have recently rejected defendant's contention regarding the scope of a lawful search incident to arrest. *Krause*, 281 Or App at 146. In *Krause*, the defendant was stopped for traffic violations. *Id.* at 144. When the officer learned that the defendant did not have any insurance, she determined that the defendant's van would need to be towed. *Id.* Once the defendant had stepped outside of the van, the officer conducted an inventory of its contents and discovered a backpack containing marijuana, hypodermic needles, and a closed Altoids tin. *Id.* Because the defendant had driven in an area near a middle school and some elementary schools, the officer concluded that she had probable cause to arrest the defendant for possession of marijuana within 1,000 feet of a school. *Id.* Based on that conclusion, the officer opened the Altoids tin and discovered additional controlled substances. *Id.*

On appeal, the defendant argued that the officer's warrantless search of the van exceeded the scope of a search incident to arrest because, when the officer developed probable cause to arrest the defendant for the drug offense, the defendant was already outside of the van and, "therefore, no longer had control over the backpack and the Altoids tin inside it." *Id.* at 145. We rejected that argument. We held that, when a search incident to arrest is conducted for the purpose of discovering evidence of the crime of arrest, "the search will comport with Article I, section 9, even though the defendant no longer has control over the area searched,

as long as the evidence reasonably could be found in that area and the search is otherwise reasonable in time, scope, and intensity." *Id.* at 145 (citing *Washington*, 265 Or App at 537). We concluded that the search in *Krause* was "reasonable in time, scope, and intensity" because the search "occurred immediately after [the officer] developed probable cause for [the] defendant's arrest, and [the] defendant had exited the van only shortly before that occurred." *Id.* at 149. *Krause* directs us to the same answer in this case.

In this case, as in *Krause,* the officers searched immediately after they saw the baggie and developed probable cause to believe that defendant had committed the crime of possession of methamphetamine, and defendant had been in the car only a short time before. As in *Krause,* the search for evidence of defendant's crime of possession was reasonable in time, scope and intensity and, thus, a lawful search incident to arrest.[2]

Affirmed.

---

[2] To the extent that defendant is arguing that the officers could not search incident to an arrest for possession of methamphetamine because he was already under arrest for a different offense or because officers did not announce that they were also placing him under arrest for possession of methamphetamine, we have previously rejected those arguments. *See State v. Nix*, 236 Or App 32, 42, 237 P3d 842 (2010) (explaining that, if an officer arrests a person for one crime, "but also has probable cause to arrest that person for a new crime, the officer may conduct a search for evidence of that new crime so long as the search is reasonable under the circumstances"); *State v. Jacobs*, 187 Or App 330, 333, 67 P3d 408 (2003) ("A search may be considered to be 'incident to arrest' even though it preceded the arrest.").