ARMSTRONG, P. J.
*336 Defendant appeals a judgment of conviction for one count of unlawful possession of cocaine. In his sole assignment of error, defendant contends that the trial court erred by denying his motion to suppress evidence obtained as a result of a purportedly unlawful arrest of defendant by a police officer who, according to defendant, lacked probable cause to believe that defendant had violated the conditions of his probation. We conclude that the trial court erred in denying defendant's motion to suppress because the court applied an incorrect legal standard to determine the lawfulness of defendant's arrest. Accordingly, we reverse and remand.
We review the denial of a defendant's motion to suppress evidence for legal error and are bound by the trial court's express factual findings if evidence in the record supports them. State v. Ehly , 317 Or. 66, 74-75, 854 P.2d 421 (1993). We recite the facts in accordance with that standard.
Portland Police Officer Dauchy was on patrol in a patrol car in downtown Portland around 5:00 p.m. when he drove by defendant. Dauchy had "multiple contacts" with defendant over the past several years, including casual encounters and arrests. Dauchy checked the Law Enforcement Data System (LEDS) to determine whether defendant had any outstanding warrants. LEDS indicated that, although defendant did not have any outstanding warrants, he was on probation and the conditions of that probation included "no entry into the D.I.[A.] or the Drug Impact Area" and "no association with drug users." Dauchy was aware that such no-entry conditions had exceptions for "proper travel" by foot, vehicle, or Tri-Met to visit social service providers and the probationer's home, attorney, or probation officer, and that there were many social service providers in the area in which Dauchy and defendant were located. Because the probation officers had already left work that evening, Dauchy called "re-cog down at the jail" to check whether defendant's probation officer had left any notes and whether defendant had *757 been doing "what he's supposed to do and making his appointments." Dauchy was told that defendant had not checked in with his probation officer since his release from jail 11 days earlier. *337 At around 7:30 p.m., Dauchy saw defendant standing at a MAX station within the D.I.A., and Dauchy pulled his patrol car near defendant. Dauchy asked defendant to walk over to his patrol car so that he could call defendant's probation officer. Defendant responded by saying that he had not done anything wrong. Dauchy told defendant that he had violated his probation by "hanging around the D.I.A." and by failing to check in with his probation officer since his release from jail. Defendant responded, "No," and began to walk away. Dauchy told defendant to stop and "walked up and placed [defendant] in handcuffs," explaining that defendant would be detained until Dauchy had spoken with his probation officer. Dauchy then found physical evidence that led to defendant's charge of unlawful possession of cocaine.
Defendant moved to suppress the physical evidence obtained as a result of his arrest. At the hearing, defendant testified that he was waiting for the MAX train when Dauchy approached him. Defendant explained that he had just gone to the Portland Rescue Mission, where he had received some hygiene products and food.
The trial court denied defendant's motion to suppress the physical evidence, concluding that Dauchy "had reasonable grounds to believe that the defendant had violated the conditions of his probation by being in the Drug Impact Area" and that "[ ORS 137.545(2) ] gives the officer authority to make that arrest for violation of probation based upon *** those grounds." Subsequently, defendant executed a conditional plea of guilty, reserving his right to appeal the trial court's suppression ruling.
On appeal, defendant contends that the trial court erred by denying his suppression motion, because Dauchy lacked probable cause to believe defendant had violated a condition of his probation. The state responds that defendant's argument is foreclosed because he invited the error about which he complains and, in any event, that the officer had "reasonable grounds" to believe that defendant had violated his conditions of probation.
First, we reject the state's assertion that defendant's argument is foreclosed because he invited the error. The *338 basis for the state's contention stems from a colloquy between the trial court and defense counsel in which the trial court read a portion of ORS 137.545(2) aloud and then asked defense counsel, "would you agree that's what the statute says?" Defense counsel reiterated that she believed the statute could not "override the constitution, which requires probable cause for an arrest," but also agreed with the trial court that "the statute does say" what the court had read aloud. We do not agree with the state that defense counsel's agreement amounted to invited error. When pressed on whether the statute stated what the trial court had read aloud, defense counsel agreed with the court that it did but further explained that she believed that probable cause was the appropriate legal standard for the arrest. Under those circumstances, defendant was not "actively instrumental in bringing about" the alleged error, because it was apparent that defense counsel's contention focused on probable cause being the appropriate standard for a warrantless arrest by a police officer under ORS 137.545(2). See State v. Kammeyer , 226 Or. App. 210, 214, 203 P.3d 274, rev. den. , 346 Or. 590, 214 P.3d 822 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.) ).
We turn to the merits of defendant's assignment of error. The parties disagree about the quantum of suspicion that is required under ORS 137.545(2) for a police officer, acting without the authority of an order from a probation officer, to arrest a probationer whom the officer suspects to have violated the terms of his probation. According to defendant, a police officer needs probable cause to arrest him without a warrant; according to the state, the officer needs only "reasonable grounds" to believe that the *758 probationer has violated the terms of his probation.
ORS 137.545(2) provides, in pertinent part:
"Any *** police officer *** may arrest a probationer without a warrant for violating any condition of probation, and a statement by the *** arresting officer setting forth that the probationer has, in the judgment of the *** arresting officer, violated the conditions of probation is sufficient *339 warrant for the detention of the probationer in the county jail until the probationer can be brought before the court ***."
By its terms, ORS 137.545(2) grants police officers authority to arrest probationers without a warrant for violating the conditions of their probation. However, the statute does not specify the quantum of suspicion that is required to justify such a warrantless arrest.
To support its argument that a police officer needs only "reasonable grounds" to support a warrantless arrest under ORS 137.545(2), the state points to ORS 144.350(1)(a), which provides, in pertinent part:
"The Department of Corrections or other supervisory authority may order the arrest and detention of any person then under the supervision, custody or control of the department or other supervisory authority upon being informed and having reasonable grounds to believe that such person has:
"(A) Violated the conditions of parole, post-prison supervision, probation , conditional pardon or other conditional release from custody[.]"
(Emphases added.) That is, ORS 144.350(1)(a) allows "the Department of Corrections or other supervisory authority" to order the arrest of a person suspected of violating probation under the lesser standard of reasonable grounds to believe that the person has violated probation, rather than probable cause. See State v. Meier , 145 Or. App. 179, 185, 929 P.2d 1052 (1996) ("Reasonable grounds involves a lesser quantum of proof than probable cause." (Internal quotation marks omitted.) ).
However, ORS 144.350(1)(a) does not provide that police officers have the authority to act under the lesser standard of "reasonable grounds." See ORS 144.087(1) (defining "supervisory authority" as "the state or local corrections agency or official designated in each county by that county's board of county commissioners or county court to operate corrections supervision services, custodial facilities or both"). Rather, the Department of Corrections or other supervisory authority, having reasonable grounds to *340 suspect that a probationer has violated the terms of the probationer's probation, may authorize a police officer to arrest the probationer. See Meier , 145 Or. App. at 186, 929 P.2d 1052 ("The [police] officer's authority to arrest stemmed from the parole officer's order, which was based on the lower standard of reasonable grounds." (Internal quotation marks omitted.) ).
Absent an arrest order issued under ORS 144.350(1)(a) by someone authorized to issue such an order, police officers have not been granted authority to arrest probationers on the lesser standard of reasonable grounds. It follows that the authority of police officers to arrest probationers without a warrant is the same as their authority to arrest any person without a warrant, which is governed by Article I, section 9, of the Oregon Constitution. See State v. Vasquez-Villagomez , 346 Or. 12, 23, 203 P.3d 193 (2009) ("Under Article I, section 9, of the Oregon Constitution, two components comprise probable cause: an officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances." (Brackets, footnote, and internal quotation marks omitted.) ). Thus, absent an arrest order from the Department of Corrections or other supervisory authority, a police officer must have probable cause to justify a warrantless arrest under ORS 137.545(2). See State v. Faubion , 258 Or. App. 184, 194, 308 P.3d 337 (2013) ("Once the warrants check revealed that defendant was on felony probation that included a no-alcohol clause, and when [the police officer] continued to smell alcohol on defendant's breath * * *, [the police officer] had probable cause to detain defendant for violating a term of his probation."). In sum, we do not construe ORS 137.545(2) to permit an arrest on a lesser standard than the constitutional standard of probable cause.
*759 Reviewing for legal error, we conclude that the trial court erred in denying defendant's suppression motion on the basis that it did. The trial court concluded that "the officer had reasonable grounds to believe that the defendant had violated the conditions of his probation by being in the Drug Impact Area," and that ORS 137.545(2)"gives the officer authority to make that arrest for violation of probation *341 based upon *** those grounds." As indicated, the appropriate standard to justify a warrantless arrest of a probationer that is not based on an order issued under ORS 144.350 (1)(a) by someone authorized to issue such an order is probable cause. Because the trial court's ruling was not based on the appropriate standard of whether the officer had probable cause to believe that defendant had violated his conditions of probation, and instead was based on the lesser standard of "reasonable grounds," the court erred in denying defendant's suppression motion on the basis that it did. We remand for the trial court to resolve defendant's suppression motion under the correct standard. If the court concludes that the officer had probable cause to arrest defendant and denies defendant's suppression motion, it should reinstate defendant's conviction. If the court grants the suppression motion, it should allow defendant to withdraw his guilty plea.
Reversed and remanded.