SHORR, J., dissenting.
*748 I respectfully dissent from the majority because I would conclude that the officer did not have an objectively reasonable belief that defendant had violated ORS 811.507 (2013) when the officers stopped defendant. As discussed below, I would reverse the trial court's denial of defendant's motion to suppress.
As the majority correctly recites, the officers stopped defendant after one officer observed defendant driving his car while holding a cell phone with a "lit-up" screen. 295 Or. App. at 324, 433 P.3d at 746. That officer could see defendant "pushing something on the screen." Id . At the time this occurred, our case law interpreting the 2013 version of ORS 811.507, which has since been substantially amended, provided that the statute "was intended to prohibit a specific type of distraction while driving-talking and texting on a mobile communication device." State v. Rabanales-Ramos , 273 Or. App. 228, 238-39, 359 P.3d 250 (2015). Thus, the question presented is whether the officer, based on the limited observations above, had probable cause to believe that defendant was either talking *328 on the phone (without a hands-free accessory)[1] or texting while operating a motor vehicle.
We know that the officer did not have probable cause to believe that defendant was talking on his phone (without a hands-free accessory) because the officer did not observe defendant talking on the phone, raising it to his ear, or otherwise appear to be listening to it. The officer only observed defendant pushing something on a lit-up cell-phone screen. The next question is whether the officer, after seeing defendant pushing on a cell-phone screen, had probable cause to believe that defendant was perhaps dialing on the phone to start talking with another person or texting.
Under Article I, section 9, of the Oregon Constitution,[2] "probable cause exists only if the arresting officer subjectively believes that it is more likely than not that an offense has been committed and that belief is objectively reasonable ." State v. Williams , 178 Or. App. 52, 60, 35 P.3d 1088 (2001) (emphases added). We consider the totality of the circumstances presented to the officer and the reasonable inferences that may be drawn from those circumstances. State v. Keller , 280 Or. App. 249, 253, 380 P.3d 1144 (2016). As the majority notes, the parties do not contest that the officer had a subjective belief that defendant was talking or texting on a cell phone. I disagree, however, with the majority that the officer had a reasonable belief that more likely than not defendant was talking or texting on a cell phone based on the officer observing defendant push buttons on a lit-up screen.[3]
A cell phone today is both a complex computer and multifaceted tool with many uses beyond talking to others or texting. The many other common reasons that a person *329 may use a cell phone in a car, perhaps all unwisely, include, but are not limited to: programing or checking directions on a cell-phone map; checking a traffic map to reroute oneself through a traffic jam; finding an address; or looking up or turning on or off music, an audio book, or a podcast. Some more foolish uses include reading information on the internet while driving. Again, none of these may be wise reasons, and they may now be illegal under the current version of ORS 811.507. See Or. Laws 2018, ch. 32, § 1. Regardless, the officer at the time had no objective reason to believe that, "more likely than not," defendant's mere pushing of buttons on a lit-up screen indicated that he was talking or texting by phone with another *749 person rather than engaging in any of the other very common cell-phone activities.[4]
Because the officers lacked probable cause to stop defendant, and because I would conclude that suppression of the evidence is required as a result, I would reverse the trial court. I respectfully dissent.

A person over the age of 18 did not commit a violation of ORS 811.507 (2013) if the person was using the device for voice communication through a hands-free accessory. Former ORS 811.507(3)(d) (2013).

Article I, section 9, guarantees that "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

This case is factually distinguishable from Rabanales-Ramos to the extent that the officer in that case merely observed defendant looking down at a lit-up device for approximately 10 seconds. 273 Or. App. at 231, 359 P.3d 250. However, the facts here still fall short of establishing objectively reasonable probable cause.

I also do not consider it persuasive that defendant put down his cell phone upon realizing that he was being observed by an officer. That did not objectively indicate that defendant was engaged in a crime or traffic violation. As the majority notes, furtive movements alone-if defendant's motions were even furtive-do not give rise to probable cause and may add to such a conclusion only when "they are contemporaneous with the officer's observations of other information consistent with criminal activity." State v. Scarborough , 103 Or. App. 231, 235, 796 P.2d 394 (1990). Here, as in Scarborough , there were no other observations indicating that defendant was engaged in criminal activity or a traffic violation. See also State v. Jacobs , 187 Or. App. 330, 336, 67 P.3d 408 (2003) (concluding that "furtiveness in the act of engaging in what may nevertheless be entirely lawful conduct does not establish an objectively reasonable basis for a belief that a crime has been committed").