***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted December 7, 2022, affirmed August 16, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CYNTHIA ANTONIA SAIZ,
*Defendant-Appellant.*

Union County Circuit Court
19CR19118; A175647

Matthew B. Shirtcliff, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals from a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894.[1] On appeal, she assigns error to (1) the trial court's denial of her motion to suppress evidence, and (2) the trial court's refusal to give a requested jury instruction explaining what constitutes constructive possession. As explained below, neither assignment is well taken. A lengthy recitation of the facts would not benefit the bench, the bar, or the public. We affirm.

We first reject the second assignment, noting that a trial court is "not required to give a requested instruction if another instruction adequately addresses the issue." *State v. Ashkins*, 357 Or 642, 648, 357 P3d 490 (2015); *see also State v. Guzek*, 358 Or 251, 276, 363 P3d 480 (2015), *cert den*, ___ US ___, 137 S Ct 1070 (2017) (trial court not required to give requested instruction that is legally correct and supported by record if other instructions cover its substance). The trial court gave the uniform criminal jury instruction on constructive possession, UCrJI 1045. That was sufficient under the circumstances here.

Moving to the first assignment, we review the denial of a motion to suppress for legal error. *State v. Brown*, 293 Or App 772, 774, 427 P3d 221 (2018). We "accept as true all findings of fact that the trial court expressly made, along with those findings that may be presumed from the trial court's ultimate conclusion, as long as those findings are supported by evidence in the record." *State v. Madden*, 363 Or 703, 706, 427 P3d 157 (2018). We state the pertinent facts in accordance with that standard to supply context for our decision.

Defendant was riding as a passenger in her car when an Oregon State Trooper, McDowell, stopped the vehicle for two traffic violations—suspended registration and unsafe lane change. Once stopped, defendant voluntarily stated that the car was hers. When asked for identification,

---

[1] ORS 479.894 provides, as pertinent here:

"(1) It is unlawful for any person knowingly or intentionally to possess methamphetamine unless the substance was obtained directly from, or pursuant to, a valid prescription * * *."

the driver, Garcia, said he did not have his wallet with him, and he gave his brother's name to the trooper as if it were his own name. Defendant provided her ID card. McDowell returned to his vehicle and ran both names through dispatch. The description and photograph of the person whose name was provided as the driver's name caused him to suspect that he had been given a false name. He returned to defendant's car and Garcia acknowledged his true identity.

McDowell arrested Garcia for providing false information to a peace officer and escorted him over to the patrol car. While doing so, McDowell spoke to defendant saying, "stand by, ma'am." Garcia told McDowell that his wallet was on the floorboard of the car, and with Garcia's consent, McDowell retrieved the wallet. McDowell ran Garcia's criminal history and learned that Garcia was a convicted felon, on "abscond status," that he was wanted for a parole violation, and that he had a "weapons" restriction attached to his parole. Garcia also told McDowell that he had a pocketknife in the center console of the car.

McDowell testified that, at that point, he returned to the car to search for any evidence that Garcia might be a felon in possession of a weapon. According to McDowell's testimony, when he returned to the car,

"[defendant] voluntarily stepped out. We obviously had a problem; we didn't have a valid driver. I was also seeing criminal indicators that I'm trained to look for. And I asked [defendant] if I could search her car, and she said, 'Yes, sir.'

"So she was, I believe probably talking to the cover officer, Senior Trooper Chris Davis, and I started on the passenger side. I looked up, noticed a folded piece of paper stuck in a piece of plastic between the visors from the passenger side.

"I pulled that piece of paper out, unfolded it, and meth started falling onto the passenger seat.

"I immediately went back up, handcuffed [defendant], told her she was under arrest for possession of a controlled substance, methamphetamine."

McDowell asked Garcia whether he knew anything about the methamphetamine and Garcia responded that he had some

methamphetamine "in a piece of paper." It was McDowell's impression that Garcia was "taking the fall for [defendant.]" He arrested defendant at that point.

In her first assignment of error, defendant contends that the trial court erred when it denied her motion to suppress the methamphetamine as evidence. Defendant argues that defendant was unlawfully stopped and that, because her consent was obtained during that unlawful stop, the subsequent search of the car was not constitutionally justified. The state does not contest that the record lacks sufficient information to justify McDowell's request for consent to search the car under *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019). We agree. The state argues that the search was nevertheless lawful as a search incident to Garcia's arrest for violating the conditions of his parole. Defendant counters that McDowell had already concluded his investigation of Garcia when he conducted the search, and that the search was therefore not justified as incident to arrest. The question of preservation was raised at oral argument of this appeal. We are satisfied that the state and the defendant each preserved their respective arguments regarding search incident to arrest and we, thus, proceed to the merits.

Under Article I, section 9, of the Oregon Constitution, a police officer may search a car incident to the arrest of the driver for the purpose of looking for evidence of the crime of arrest after the driver has been secured away from the car. *State v. Washington*, 265 Or App 532, 536, 335 P3d 877 (2014). Such a search may serve to (1) protect the police officer's safety, (2) prevent the destruction of evidence, or to (3) discover evidence of the crime of arrest. *State v. Krause*, 281 Or App 143, 146, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017). Such a search must be reasonable in time, scope, and intensity. *State v. Delfino*, 281 Or App 725, 727, 386 P3d 133 (2016), *rev den* 361 Or 525 (2017). The reasonableness of a warrantless search for evidence of the crime of arrest is further "constrained by three factors: (1) the crime of arrest, (2) the nature of the evidence establishing that crime, and (3) whether the location searched could reasonably be understood to conceal such evidence." *State v. Ramirez*, 305 Or App 195, 214-15, 468 P3d 1006 (2020).

Here, Garcia was arrested for giving false information to a peace officer. In the course of making that arrest, McDowell retrieved Garcia's wallet and identification which, in turn, led to information that there was an outstanding warrant for a parole violation, and Garcia was arrested for violating parole as well. McDowell knew that as a felon, Garcia would be subject to weapons restrictions, which he confirmed through dispatch. Garcia told McDowell that he had a knife in the car. McDowell did not know the details of Garcia's weapons restriction, and it appears from the record that McDowell did not know the precise nature of the parole violation for which Garcia was wanted.

A search incident to arrest is a recognized exception to the warrant requirement. *State v. Edwards*, 319 Or App 60, 64, 509 P3d 177, *rev den*, 370 Or 212 (2022). The arrest must be lawful, either supported by a valid warrant or probable cause. *State v. Owens*, 302 Or 196, 203, 729 P2d 524 (1986). Probable cause requires a subjective belief by the officer that a crime was committed and that the officer's belief is objectively reasonable under the circumstances. *State v. Smith*, 292 Or App 335, 340, 424 P3d 755, *adh'd to as modified on recons*, 295 Or App 135 (2018). We conclude that it was objectively reasonable for McDowell to believe that Garcia had violated his parole. And, given that McDowell had information that there was a knife in the car, he was authorized to search the car for the knife and other evidence of a parole violation. The trial court did not err in denying defendant's motion to suppress.

Affirmed.