PER CURIAM
*109 Defendant appeals a judgment of conviction for felon in possession of a firearm, ORS 166.270, and possession of methamphetamine, ORS 475.894. He challenges his conviction for possession of methamphetamine, asserting that the trial court erred in denying his motion to suppress the methamphetamine. The state, for its part, concedes that the trial court should have granted the motion to suppress the methamphetamine, which was discovered when an officer reached into defendant's pocket to remove an item during a search incident to arrest.
After conducting a pat down and removing a knife that defendant acknowledged was in his pocket, the officer felt something hard, about the size of a AAA battery still in defendant's pocket. At the suppression hearing, the officer did not say that he had believed the item to be a weapon, but, instead, said that he wanted to know what the item was, and that it could have been a key or a small pocketknife. Under those circumstances, the state agrees with defendant that the search was unlawful and the methamphetamine should have been suppressed. See State v. Sigfridson , 287 Or. App. 74, 401 P.3d 1269 (2017) (suggesting that the "officer safety" standard that must be reached for an intrusive search after a pat down is the same standard that must be met to justify officer safety search incident to arrest); State v. Musalf , 280 Or. App. 142, 158, 380 P.3d 1087 (2016) (where an officer "did not describe the object's dimensions or shape, nor did he explain what other particular circumstances supported a suspicion that the object was a weapon," the "hardness of the object alone" did not justify removing it from the defendant's pocket on officer safety grounds); State v. Hite , 198 Or. App. 1, 8, 107 P.3d 677 (2005) (an officer may conduct a search incident to arrest to protect the officer's safety). We agree, and accept the state's concession. Accordingly, we reverse and remand defendant's *430 conviction for possession of methamphetamine.
Conviction for possession of methamphetamine reversed and remanded; remanded for resentencing; otherwise affirmed.