Argued and submitted August 23, 2019, reversed and remanded July 1, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RUDOLPH VALENTINO MARTINEZ,
*Defendant-Appellant.*

### Washington County Circuit Court
### 17CR54170; A166950

468 P3d 1021

Defendant appeals a conviction for one count of unlawful possession of methamphetamine, ORS 475.894, challenging the denial of his motion to suppress. A police officer arrested defendant on a misdemeanor warrant and, incident to arrest, searched his person for weapons and means of escape. An opaque white plastic bag was protruding from defendant's jacket pocket. The officer removed the plastic bag, felt a "hard bulge" in the middle of it, and proceeded to unroll and open it. The bag contained a piece of foil with heroin residue and a glass pipe with methamphetamine residue. Before trial, defendant moved to suppress the evidence from the plastic bag, arguing that it was derived from an unlawful search and seizure under Article I, section 9, of the Oregon Constitution. The trial court denied the motion. On appeal, defendant challenges the denial of his motion, and the state concedes that the trial court erred in failing to suppress the evidence from the plastic bag. *Held*: The trial court erred in denying defendant's motion to suppress the evidence from the plastic bag.

Reversed and remanded.

Eric Butterfield, Judge.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

Defendant was convicted of one count of unlawful possession of methamphetamine, ORS 475.894. On appeal, he challenges the trial court's denial of his motion to suppress evidence that he alleges was procured through an unreasonable seizure and search of his person in violation of Article I, section 9, of the Oregon Constitution. Defendant first argues that he was unlawfully stopped by the police, such that all evidence derived from the encounter should be suppressed. We reject that argument, because we agree with the state that defendant was not stopped, and do not discuss it further. Alternatively, defendant argues that, even if the initial encounter was lawful, evidence found in a bag in his jacket pocket should be suppressed as the product of an unlawful search. The state concedes error on that point, and we accept the concession as well-taken. Accordingly, we reverse and remand.[1]

## FACTS

"Determination of the legality of searches and seizures depends largely on the facts of each case." *State v. Ehly*, 317 Or 66, 74, 854 P2d 421 (1993). "Our function is to decide whether the trial court applied legal principles correctly to those facts." *Id*. In reviewing the denial of a motion to suppress, we are bound by the trial court's findings of historical fact if there is constitutionally sufficient evidence to support them. *Id*. at 75. "If findings of historical fact are not made on all pertinent issues and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion." *Id*. We state the facts in accordance with the foregoing standard, limiting our discussion to the facts relevant to the seizure of the bag from defendant's jacket pocket.

Officer Powers encountered defendant while on patrol and determined that he had an active warrant for his arrest on a misdemeanor. (By the time of trial, Powers

---

[1] Given our reversal of defendant's conviction, we do not reach defendant's other three assignments of error, which challenge three special conditions of his probation.

could not recall what the misdemeanor was.) Incident to arrest, Powers searched defendant's person for "weapons and means of escape." In doing so, he found an opaque white plastic bag—apparently akin to a white kitchen garbage bag—"protruding" from defendant's front jacket pocket. Powers could feel a "hard bulge" in the middle of the bag as he removed it from defendant's pocket, and he saw that the bag was "kind of crumpled up." Powers unrolled the bag, revealing a piece of foil with heroin residue on it and a glass pipe with methamphetamine residue on it.

Defendant was subsequently charged with unlawful possession of methamphetamine. Before trial, as relevant here, he moved to suppress the evidence found in the bag that had been in his jacket pocket. The state opposed the motion, and the trial court denied it without stating its reasoning. Defendant proceeded to trial. A jury found him guilty, and he was convicted. On appeal, defendant contends that the trial court erred in denying his motion to suppress.

## ANALYSIS

Article I, section 9, protects people against unreasonable searches and seizures. Warrantless searches are *per se* unreasonable, unless the state establishes the applicability of an exception to the warrant requirement. *State v. Bonilla*, 358 Or 475, 480, 366 P3d 331 (2015). Under one such exception, a police officer may conduct a warrantless search incident to arrest "(1) to protect a police officer's safety; (2) to prevent the destruction of evidence; or (3) to discover evidence of the crime of arrest." *State v. Delfino*, 281 Or App 725, 727, 386 P3d 133 (2016), *rev den*, 361 Or 525 (2017) (internal quotation marks omitted) (further stating that "a search incident to arrest must be reasonable in time, scope, and intensity").

Powers therefore was permitted, incident to arresting defendant, to search defendant's person for weapons—which was the purpose of Powers' search, according to his own testimony—for officer safety purposes. The difficulty for the state is that Powers did not identify any safety concern related to the bag in defendant's jacket pocket, so as to justify unrolling the bag to examine its contents. (Nor did Powers

have any reason to believe that the bag contained evidence.) The state concedes that, under existing case law, the evidence found in the bag therefore must be suppressed—and we agree. *See State v. Coop*, 293 Or App 108, 109, 422 P3d 429 (2018) (trial court erred in denying motion to suppress where, during a search incident to arrest, an officer reached into the defendant's pocket to retrieve a pocket knife, felt something else that was hard and about the size of a AAA battery, and pulled it out to see what it was; the officer never testified that he believed the item to be a weapon); *State v. Musalf*, 280 Or App 142, 159, 380 P3d 1087 (2016) (trial court erred in denying motion to suppress, because the mere fact that an item in the defendant's pocket felt "hard" was insufficient to justify removing and inspecting it as part of an officer-safety search). The state also concedes that the error was not harmless, and we agree on that point as well.

The trial court therefore erred in denying defendant's motion to suppress as it pertained to the evidence from the bag in defendant's jacket pocket, and defendant is entitled to a new trial in which that evidence is suppressed.

Reversed and remanded.